UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAY F. ROBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.:  1:09-cv-0425-DFH-TAB |
| | ) | |
| DOUGLAS G. CARTER, individually and in | ) | |
| his capacity as Sheriff of Hamilton County, | ) | |
| Indiana, HAMILTON COUNTY COUNCIL, | ) | |
| and HAMILTON COUNTY BOARD OF | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, HAMILTON COUNTY COUNCIL AND BOARD OF
COMMISSIONERS OF HAMILTON COUNTY'S BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS AMENDED COMPLAINT**

_____

Defendants, Hamilton County Council and Hamilton County Board of Commissioners, by

counsel, and pursuant Fed. R. Civ. Pro. 12 and S.D. Ind. L.R. 7.1, respectfully submit the following

brief in support of their Motion to Dismiss Plaintiff's Amended Complaint against the Hamilton

County Council and Board of Commissioners of Hamilton County:

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's Amended Complaint alleges that Defendant, Douglas G. Carter ("Sheriff Carter"), was

the Sheriff of Hamilton County and that he has been "a policy maker and final decision maker

regarding the matters alleged herein." (Amended Complaint, ¶ 3).  Plaintiff's Amended Complaint

further alleges that Defendant, Hamilton County Board of Commissioners ("Board") serves as the

executive and administrative authority for Hamilton County, and that Defendant, Hamilton County

Council ("Council"), is "the financial power of the County, serving as a check on the Board.  Id. at

¶ 4.  Plaintiff's Amended Complaint further alleges that "Carter executes the orders of the Council and the Board."  Id.

Plaintiff avers that he was employed by "Hamilton County Sheriff's Office" as a Civil Deputy and performed duties as a process server.  Id. at ¶ 6.  Plaintiff alleges that "Carter ordered  that all deputies of the Hamilton County Sheriff's Department carry Tasers, and that as part of training that each deputy had to actually be tazed."  Id. at ¶ 8.  Plaintiff further alleges Carter terminated his employment because he refused to be tazed.  Id. at ¶ 13.  Plaintiff asserts that his substantive and procedural due process rights were violated, made actionable under 42 U.S.C. §1983.  Id. at ¶¶ 22-23.  Specifically, Plaintiff alleges that "Defendants' unconstitutional termination of Plaintiff's employment was under color of custom, usage, policy, practice, and/or understandings."  Id. at ¶ 19.

Further, Plaintiff asserts that he is an "employee" and a "qualified individual with a disability" as defined by the Americans with Disabilities Act ("ADA") and that Defendants unlawfully terminated his employment in violation of the ADA.  Id. at ¶¶ 26-29.  Plaintiff specifically states that "Defendants unlawfully terminated his employment based upon discrimination due to his disability in violation" of the ADA and that "Defendants failed and refused to provide a 'reasonable accommodation' to him as that term is defined" by the ADA.  Id. at ¶¶ 28, 30.

## II.  STANDARD FOR DISMISSAL

When ruling on a motion to dismiss for failure to state a claim, the court accepts all well-pleaded allegations to be true and all reasonable inferences in the nonmovant's favor.  Reed v. City of Chicago, 77 F.3d 1049, 1051 (7th Cir. 1996).  However, the courts are not compelled to accept conclusory allegations concerning the legal effect of facts set out in the complaint.  Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 730 (7th Cir.1994).  A complaint must include 'enough facts to state a claim to relief that is plausible on its face.'  Khorrami v. Rolince, 539 F.3d 782, 788

2

(7th Cir. 2008), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). Moreover, unsupported conclusions of fact or mixed fact and law are not admitted. Hess v. Petrillo, 259 F.2d 735 (7th Cir. 1958), *cert. denied*, 359 U.S. 954; Homan Manufacturing Co. v. Russo, 233 F.2d 547 (7th Cir. 1956); Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (commenting that deferential standard does not obligate a court to "swallow the plaintiff's invective, hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.")

### III.  ARGUMENT

**A. Count I of Plaintiff's Amended Complaint Against the Board and Council Should Be Dismissed Since the Sheriff Acts Independently from the Board and Council and Plaintiff Has Failed to Allege that a Board of Council Policy or Custom Caused Deprivation of a Constitutional Right.**

42 U.S.C. § 1983 is specific in authorizing the assertion of claims only against a "person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia," deprived another of his federal constitutional or statutory rights. Plaintiff filed suit against Sheriff Carter, in his official and individual capacity, the Council and Board under § 1983. Plaintiff alleges that Sheriff Carter made all decisions relative to Plaintiff's employment and taser training and that "Carter terminated Plaintiff's employment effective December 1, 2008 because Plaintiff refused to be tazed." (Amended Complaint, ¶ 13). Nowhere does Plaintiff allege that the Council or Board participated in developing or implementing any policy with regard to Plaintiff's training or that the Council or Board had any involvement with regard to Plaintiff's alleged termination. Consequently, Plaintiff is attempting to hold the Council and Board vicariously liable for the alleged conduct and decision-making of Sheriff Carter.

The United States Supreme Court has consistently interpreted § 1983 as barring *respondeat superior* liability on the part of a local governmental unit. Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). In discussing the status of a sheriff's department under Indiana law, the court in Argandona v. Lake County Sheriff's Dep't, 2007 WL 518799 (N.D. Ind.) noted:

> The Lake County Sheriff is an independently elected office established by the Indiana Constitution. Ind. Const. Art. 6 § 2; Markley v. Walters, 790 F.Supp. 190, 191 (N.D. Ind. 1992) ("Pursuant to Indiana's Constitution, the Grant County Sheriff is an independently elected constitutional office. Consequently, the Grant County Sheriff is answerable to the voting citizens of Grant County, not to the Grant County Council or its council members.") The duties and responsibilities of a sheriff's department are established by the Indiana State legislature. I.C. § 36-2-13-1, *et seq*.; Donahue v. St. Joseph County, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999). Furthermore, a sheriff's department acts independently of a county board of commissioners. Donahue, 720 N.E.2d at 1241. Because a county has no agency relationship with a sheriff or sheriff's department, a county cannot be held liable under a *respondeat superior* theory for the actions of a sheriff or a sheriff's department. Carver v. Crawford, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990).

2007 WL 518799 at *3.

Despite the fact that the relationship between the board and the sheriff or the council and the sheriff is not sufficient for imposition of liability, the county sheriff may, in some jurisdictions like Illinois, be still viewed as an agent of the county. See Franklin v. Zaruba, 150 F.3d 682, 686 (7th Cir. 1998). Nevertheless, the Seventh Circuit held that § 1983 suits against county sheriffs in their official capacities are, in reality, suits against the county sheriff's department rather than the county board. Id. Moreover, the county cannot be liable under *respondeat superior* for the actions of the sheriff. Id. In Franklin, an arrestee sued the county sheriff under § 1983 for injuries sustained while in custody. Id. at 683-84. The court explained that imposition of liability under *respondeat superior* requires a relationship similar to that of employer-employee and this is not the type of relationship

4

that exists between a sheriff and a county.  Id. at 686 n.2.  Instead, the sheriff is an independently

elected officer holding a constitutionally created position not subjected to the control of the county.

Due to this lack of control, the county cannot be said to have the type of relationship with its sheriff

that is required for *respondeat superior* liability.

Although the Seventh Circuit construed Illinois law in Franklin, the district court in Argandona

found that the status of a sheriff's department is similar under Indiana law.  2007 WL 518799 at *3-

4, *citing* Wood v. Marion County Sheriff, 2005 WL 1528226, *4 (S.D. Ind. 2005) ('McGreal [368

F.3d 657, 686 (7th Cir. 2004)] was based on Illinois law and this is based on Indiana law, but the two

systems are similar enough that the court finds McGreal guiding.').  Specifically, the court found:

> In both states, the sheriff's office is independently established under the state
> constitution and headed by an independently elected sheriff.  *Compare* Ind.
> Const. Art. 6 § 2 *with* Ill. Const. Art. 7 § 4.  Both Indiana and Illinois have
> statutes that require the county to pay the Sheriff's salary.  *Compare* I.C. § 36-
> 2-13-2.5, *with* 55 ILCS § 5/4-6003.   Both states require the county to
> indemnify the Sheriff for any damages awarded against the Sheriff.  *Compare*
> I.C. § 34-13-4-1, *with* 55 ILCS § 5/5-1002.[1]  Furthermore, in Illinois, as in
> Indiana, county boards cannot be held liable for the actions of a sheriff or
> sheriff's department under *respondeat superior*.  *Compare* Franklin v. Zaruba,
> 150 F.3d 682, 686 (7th Cir. 1998), with Crawford, 564 N.E.2d at 334.

Argandona, 2007 WL 518799 at *4.

Nonetheless, a branch of local government, such as the Council or Board, can be held liable

under § 1983 where an official governmental custom or policy of those bodies inflicts the

constitutional violation.  Monell, 436 U.S. at 690-91.  A municipality may be liable only if the

deprivation is caused by acts that are, properly speaking, acts of the municipality itself.  Pembaur v.

Cincinnati, 475 U.S. 469, 478 (1986).  In the instant case, Plaintiff has failed to allege that the

---

[1]  Undersigned counsel presumes the court meant to refer to Ind. Code § 34-13-4-1 rather
than I.C. § 34-14-4-1, which does not exist.

purported constitutional deprivation was caused by either the Board or Council's adoption and execution of a formal policy, custom, or widespread practice.  Strauss v. City of Chicago, 760 F.2d 765, 767-70 (7th Cir.1985) (boilerplate *Monell* allegations, unsupported by any facts suggesting the existence of a policy, are insufficient to survive a motion to dismiss).  See also, Baxter by Baxter v. Vigo County School Corp., 26 F.3d 728, 734-736 (7th Cir. 1994).

In Baxter, the Seventh Circuit affirmed the dismissal of § 1983 claims against Vigo County School Corporation because the complaint failed to allege facts sufficient to claim that the school corporation had a policy that brought about a violation of plaintiff's rights.  In Baxter, the court looked at several paragraphs in the complaint that alleged that there were "certain school policies" that the principal "carried out the policies" of the school corporation and that in carrying out the policies deprived plaintiff of various constitutional rights.  Id. at 736.  The court held that those allegations failed to state a claim upon which relief could be granted against the school corporation under § 1983 because the complaint failed to identify the policies that the principal allegedly carried out.  The court reasoned that while detailed factual pleading is certainly not required under FRCP 8 that boilerplate allegations of a municipal policy, entirely lacking in any factual support that a municipal policy does exist are insufficient.  Id., *quoting* Sivard v. Pulaski County, 17 F.3d 185, 188 (7th Cir. 1994).  See also Strauss v. City of Chicago, 760 F.2d 765, 767 (7th Cir. 1985) ("The absence of any facts at all to support plaintiff's claim renders the allegations mere legal conclusions of Section 1983 liability devoid of any well-pleaded facts.")   In further support for its holding in Baxter, the court recognized an important consideration when ruling on a motion to dismiss like the one before this Court:

> [t]he Supreme Court has told us that it is of paramount importance that municipal liability be premised solely on the policy of the municipal entity and not on the theory of respondeat superior.  Monell, 436 U.S. at 691, 98 S.Ct. at 2036.  This complaint

affords no opportunity to make that crucial assessment.  Cf. Surplus Store & Exch.
v. City of Delphi, 928 F.2d 788, 791-92 (1991) (stating that "the language and
standards from Monell are not to become a dead letter").  Although at this stage of
the litigation we must draw all reasonable inferences in favor of the Baxters, the
inferences they ask us to draw are too attenuated to be reasonable.  The district court
did not err in dismissing the Baxters' complaint against the VCSC and Azar in his
official capacity.  Id.

Here, Robert's complaint is even more deficient than the one in Baxter.  In Baxter, the plaintiff

alleged the school corporation had a policy and that the principal violated plaintiff's rights when

carrying out the custom or policy.  Yet, that was not enough.  Here, Robert fails to identify a Council

or Board custom or policy and never alleges that the Sheriff carried out some unidentified custom

or policy that violated his rights.  Like the insufficient allegations in Baxter, the assertion that Sheriff

Carter executes some unidentified orders of the Council and Board does not sufficiently state a claim

upon which relief can be granted under § 1983.

Plaintiff only alleges facts that would support the existence of a policy, custom or practice of

Sheriff Carter.  While Plaintiff alleges that Sheriff Carter executes orders of the Council and Board,

Plaintiff fails to allege how any such orders related to Plaintiff's employment.  In other words, the

facts alleged by Plaintiff concerning Sheriff Carter's taser training policy and how this policy directly

lead to Plaintiff's termination only apply to acts or decisions attributed to Sheriff Carter.  See

Complaint, ¶¶ 8-15.  Plaintiff does not allege that the Council or Board adopted and executed a

formal policy, custom or widespread practice that resulted in a constitutional deprivation, nor does

Plaintiff allege that Sheriff Carter executed any orders of the Council or Board when Sheriff Carter

allegedly terminated Plaintiff's employment in violation of rights secured by the Constitution.

Since Plaintiff has not plead or alleged that the Council or Board by virtue of an official policy,

custom, or any direct action of these bodies caused Plaintiff to suffer a deprivation of his rights, the

§ 1983 claims against the Council and Board should be dismissed pursuant to F.R.C.P. 12(b)(6).

**B.  The Claims Asserted Against the County in Count II of Plaintiff's Complaint Should be Dismissed Because the Board and Council Were Not Plaintiff's Employer Under the ADA.**

In Count II, Plaintiff alleges that the Defendants were all employers as defined by the ADA and that all of the Defendants violated the ADA when they terminated Plaintiff's employment. (Amended Complaint, ¶¶ 28-32).  Plaintiff's ADA claim against the Board and Council should be dismissed because those bodies were not Plaintiff's employer under the ADA.

The ADA requires that a "covered entity" provide "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or an employee."  42 U.S.C. § 12112.  An employer constitutes a "covered entity" under the ADA and is defined as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111.  Accordingly, to assert and maintain a viable ADA claim against the Board or Council Plaintiff must show that the Board and/or Council was his employer within the meaning of the ADA.  Id.

While defense counsel has been unable to locate case law from the Seventh Circuit specifically addressing whether multiple entities like a Sheriff, Board and Council can be considered "employers" under the ADA, other circuits have defined various tests addressing whether multiple defendants may be considered "employers" under the ADA.  See Bristol v. Board of County Comm'rs of the County of Clear Creek, 312 F.3d 1213, 1218 (10th Cir. 2002).[2]  In one test, courts examine whether two entities are so interrelated that they may be considered a "single employer" or

---

[2]  The ADA defines "employer" in essentially the same fashion as the ADEA and Title VII, thus courts have relied on case law developed under all three statutes when determining if an individual or an entity is an employer.  See Wathen v. General Elec. Co., 115 F.3d 400, 404 n.6 (6th Cir.).

an "integrated enterprise."   Id.; Graves v. Lowery, 117 F.3d 723, 727-28 (3rd Circuit 1997).   In another test, courts consider whether one defendant has control over another company's employees sufficient to show that the two companies are acting as a "joint employer" of those employees.   Id.; Rivas v. Federacion de Asociacias Pecuarias de Puerto Rico, 929 F.2d 814 (1st Cir. 1991).   When considering Indiana law addressing the relationship between the Board and the Sheriff, coupled with application of either the "joint-employer" or the "single employer" test, the Board and Council were not Plaintiff's employers under the ADA.

**1.  The Defendants Do Not Constitute Joint-Employers Under the ADA Because the County Does Not Have Control Over the Sheriff or His Deputies.**

Plaintiff contends that the Board, Council and Carter were all acting as his employers when his employment was terminated.   (Amended Complaint, ¶¶ 26, 32).   Plaintiff's allegation, however, is without merit because the Board and Council did not have the requisite control over the Sheriff and his employees to constitute "joint-employers" under the ADA.   When applying the "joint-employer" test, courts treat independent entities as "joint employers" if the entities share or co-determine those matters governing the essential terms and conditions of employment. Virgo v. Riviera Beach Assocs., Ltd., 30 F.3d 1350, 1360 (11th Cir. 1994).   Thus, courts look to whether both entities exercise significant control over the same employees.  Moldenhauer v. Tazewell-Pekin Consol. Comm. Ctr., 536 F.3d 640, 644 (7th Cir. 2008); Graves v. Lowery, 117 F.3d 723, 727 (3rd Cir. 1997). Essentially, if one employer while contracting in good faith with an otherwise independent company, has retained for itself sufficient control of the terms and conditions of employment of the employees who are employed by the other employer, the employers will be determined to be joint-employers for the purposes of the ADA.  Virgo, 30 F.3d at 1360.   Thus, the joint employer concept recognizes that while the involved business entities are in fact separate, they may share or co-determine those

matters governing the essential terms and conditions of employment. <u>W.W. Grainger, Inc. v. National Labor Relations Board</u>, 860 F.2d 244, 247 (7th Cir. 1988); <u>National Labor Relations Board v. Browning-Ferris Indus.</u>, 691 F.2d 1117 (3rd Cir. 1982).

The Tenth Circuit, in a factually similar case, applied the "joint-employer" test to a sheriff and a county board of commissioners and determined that the sheriff and the county board of commissioners did not constitute "joint-employers" under the ADA. <u>See</u> <u>Bristol</u>, 312 F.3d at 1218 (10th Cir. 2002). In <u>Bristol</u>, the plaintiff was employed as a confinement officer for the Clear Creek County Sheriff. <u>Id.</u> at 1215. Approximately six (6) years after having begun his employment, the plaintiff was treated for a heart condition that, according to his cardiologist, would prevent him from having contact with inmates or engaging in severe or strenuous activity. <u>Id.</u> The plaintiff was eventually terminated from his employment because the Clear Creek County Sheriff determined that the plaintiff could no longer perform the essential functions of his job and that the Sheriff could not accommodate the plaintiff's disability. <u>Id.</u> Plaintiff then brought suit alleging that the Sheriff and the county board of commissioners violated his rights under the ADA. <u>Id.</u> at 1216. The county board of commissioners subsequently requested a judgment as a matter of law alleging that they were not the plaintiff's employer. <u>Id.</u>

In reviewing the county board of commissioners' motion, the Court first applied the "joint employer" test set forth above. The Court noted that under the Colorado constitution, the County Sheriff is a distinct position, separate from the Board of County Commissioners. <u>Id.</u> at 1219. Additionally, the Court stated that Colorado sheriffs have exclusive control over the hiring and firing of their employees with added emphasis on the fact that Colorado sheriffs have the exclusive right to terminate their deputies. <u>Id.</u> Further, the Court recognized that Colorado common law held that because the Board of Commissioners has no control over the Sheriff's employees, the Board is not

10

liable for the negligent acts of the Sheriff's employees.  Id.  Accordingly, the Court concluded as a matter of law that the sheriff, not the county or the Board, has the right of control with respect to the deputies.  Thus, the Court determined that the Clear Creek County Sheriff and the Clear Creek County Board of Commissioners were not "joint-employers" under the ADA.

Similar to county commissioners in Colorado, county commissioners in Indiana also do not have authority to control county sheriffs.  See Donahue, 720 N.E.2d at 1241, citing Delk v. Board of Comm'rs of Delaware County, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987).  Indiana sheriffs are created by the Indiana Constitution and the county sheriff is an elected position that is separate and distinct from the boards of commissioners  and county councils. See Ind. Const. Art. 6 §2.  Additionally, the Indiana legislature has provided county sheriffs with the authority to establish temporary positions, and appoint and remove temporary officers.  I.C. § 36-8-10-10.  The county sheriff may also dismiss, demote or temporarily suspend a county police officer for cause after notifying the officer of the charges in writing and providing the officer with a fair public hearing before the merit board.[3]  I.C. § 36-8-10-11.  Under I.C. § 36-8-10-10.6, the very statute under which Plaintiff was employed as a special deputy process server, the Sheriff is solely responsible for the appointment and "maybe removed by the Sheriff at any time, without notice and without assigning cause."

Furthermore, much like in Colorado, Indiana courts also have determined that the county board of commissioners cannot be vicariously liable for the acts of the county sheriff because the board does not have any control over the acts of the sheriff; therefore, county commissioners lack the

---

[3]  The merit board consists of five appointed individuals, three of which are appointed by the County Sheriff and the remaining two are elected by the county police officers.  I.C. § 36-8-10-3.

requisite control to establish *respondeat superior* liability. 503 N.E.2d at 439. In Delk, the Court reasoned that although the county commissioners have limited emergency powers relating to the appointment of extra deputies, those powers do not relate to the ability to control the acts performed by any deputy or the sheriff. Id. Thus, much like in Bristol, the Board did not have the ability to control Sheriff Carter or terminate Plaintiff. Since the Board does not have the authority to control the Sheriff or his employees, it cannot be an employer under the ADA. Consequently, Plaintiff's ADA claim against the Board should be dismissed.

Additionally, the Council also lacks the control over the county sheriff and his deputies that is necessary to meet the "joint-employer" test set forth above. The Council is established under I.C. § 36-2-3-2, which provides that the Council shall act as the county's fiscal body and the Council's duties are wholly related to the management of county funds. See also I.C. § 36-2-5-2. The Council has no control over any county employee much less Sheriff's Department employees like Plaintiff. See I.C. § § 36-2-2-13 and 36-2-3.5-3. Thus, neither the Council nor the Board has control over the actions of the Sheriff or Sheriff's employees and these bodies had no authority or involvement in decisions affecting Plaintiff's employment. Like the Board, the Council is not an employer under the ADA and Plaintiff's ADA claims against the Council should also be dismissed.

**2. The Defendants Do Not Constitute a Single Employer Under the ADA Because the Board and Council Are Independent from the Sheriff's Department and the Board and Council Do Not Have the Ability to Control the Employment Decisions of the County Sheriff.**

Plaintiff also cannot show that the Board and/or Council together with Carter constitute a "single employer" under the ADA because the Board and Council are independent from the Sheriff and the Board and Council did not control employment matters within the Sheriff's office. Courts applying the single-employer test generally weigh four factors: (1) interrelations of operations; (2) common

management; (3) centralized control of labor relations; and (4) common ownership and financial control. Naperville Ready Mix, Inc. v National Labor Relations Board, 242 F.3d 744, 752 (7th Cir. 2001); EEOC v. Wooster Brush Co. Employees Relief Ass'n, 727 F.2d 566, 571 (6th Cir. 1984). Generally, courts place more emphasis on whether the two entities have centralized control of labor relations when applying the "single employer" test. See Romano v. U-Haul Int'l, 233 F.3d 655, 662 (1st Cir. 2000). Thus, when applying the "single employer" tests, courts have focused almost exclusively on what entity made the final decisions regarding employment matters relating to the person claiming discrimination. Skidmore v. Precision Printing & Packaging, Inc., 188 F.3d 606, 617 (5th Cir. 1999). Accordingly, the extent to which the Board and Council controlled or, here, lacked control over the Sheriff's employees is determinative under the "single employer" test. See Bristol, 312 F.3d at 1220. Further, when addressing cases involving governmental entities, the common-ownership and financial control element is irrelevant because governmental entities do not issue stock and are not owned by private parties. Id.

As stated above, the Hamilton County Sheriff is a constitutionally created office that is wholly independent from the Board and Council. See In. Const. Art. 6 § 2. It is well settled that the Board and the Council have no control over the actions of the Sheriff. See Delk, 503 N.E.2d at 440. ("the county does not have any control over the acts of the sheriff.") Thus, due to the Sheriff's independence from the Board and Council, it cannot be determined that the entities' operations are interrelated nor can it be determined that the entities are under common management. Sheriff Carter has complete autonomy as it relates to his employees and the Board and Council are powerless to control his actions. Accordingly, Plaintiff cannot meet the interrelations of management and common control elements of the "single employer" test.

More importantly, however, the Board and Council do not have authority to control the employment matters between Sheriff Carter and his employees.  As stated above, the control over the entity making the final employment decisions giving rise to the allegations of discrimination are given most emphasis under the "single employer" test. See Skidmore, 188 F.3d at 617.  The Council has no authority over county employees as its sole purpose is to manage the county finances and it is well established under Indiana law that the Board does not have control over the Sheriff or his employees because such authority is granted to the Sheriff and the merit board. See supra pp. 9-10.  Thus, the Council and the Board do not have centralized control over labor relations between the Sheriff and his employees.  Rather, the Sheriff has complete control over the hiring and firing of his employees with oversight from the merit board in some circumstances. See I.C. § 36-8-10-11.

The Board and Council's position is bolstered by the holding in Bristol, where under nearly identical circumstances, the court determined that a Colorado sheriff and a county board of commissioners did not constitute a "single employer" for the purposes of the ADA.  Bristol, 312 F.3d at 1220.  The Bristol Court cited the board of commissioners' lack of control over the sheriff and noted that the fact that the board of commissioners had budgetary control over the sheriff was insufficient to show that the two entities constituted a "single employer" under the ADA. Id.  Thus, for the same reasons set forth in Bristol, the Board and Council are not Plaintiff's employer under the ADA.

## IV.  CONCLUSION

Based on the forgoing, pursuant to Rule 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted under § 1983 and the Americans with Disabilities Act against the Hamilton County Council and Board of Commissioners of Hamilton County; therefore, the Council and Board should be dismissed with prejudice.

Respectfully submitted,

COOTS, HENKE & WHEELER, P.C.


  s/ Matthew L. Hinkle
Matthew L. Hinkle, #19396-29
Attorney for Defendants


## CERTIFICATE OF SERVICE

I hereby certify that on **October 28, 2009**, a copy of the foregoing **Brief in Support of Motion to Dismiss** was filed electronically.  Notice of this filing will be sent to the following parties by operations of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Daniel LaPointe Kent
LaPointe Law Firm, P.C.
Dkent@lapointelawfirm.com

Mary Jane LaPointe
LaPointe Law Firm, P.C.
maryj@lawpointelawfirm.com


  s/ Matthew L. Hinkle
Matthew L. Hinkle          #19396-29


COOTS, HENKE & WHEELER, P.C.
255 East Carmel Drive
Carmel, IN 46032
(317) 844-4693 - telephone
(317) 573-5385 - facsimile
Email: mhinkle@chwlaw.com

P:\MLH\Robert v. Hamilton Co.17120.006\Motion to Dismiss Amended Complaint - Brief.wpd