UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RAY F. ROBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-425-WTL-TAB |
| ) | |
| DOUGLAS G. CARTER, individually and in ) | |
| his capacity as Sheriff of Hamilton County, ) | |
| Indiana, et al., ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO DISMISS

Presently before the Court is a Motion to Dismiss (Docket No. 24) filed by the Hamilton County Council ("Council") and the Hamilton County Board of Commissioners ("Board"). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion for the reasons set forth below.

### I.  RULE 12(b)(6) STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6) the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### II.  BACKGROUND

The Plaintiff, Ray F. Robert, began working for the Hamilton County Sheriff's Department ("Sheriff's Department") in 1979.  In November 2008, the Sheriff of Hamilton County, Douglas Carter, informed a group of Sheriff's Department employees that they would begin carrying Tasers.  As part of their Taser training, each employee was required to be tazed.  Based on his physician's advice, Robert objected to this requirement and refused to be tazed.  In December 2008, based on his refusal, Sheriff Carter terminated Robert.

Robert initially alleged only that his termination violated the Fourteenth Amendment.  However, in September 2009, he properly amended his Complaint to add an Americans with Disabilities Act ("ADA") claim.  The Council and the Board have now filed a motion to dismiss the Amended Complaint.

### III.  DISCUSSION

As an initial matter, the Court notes that Robert's Amended Complaint, which names Sheriff Carter in both his individual and official capacities, the Council, and the Board, is more properly framed as a suit against Sheriff Carter in both his individual and official capacities and *Hamilton County*.  The Seventh Circuit has recognized that an official capacity claim against the county sheriff is a claim against the county itself.  *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008).  Thus, by virtue of the official capacity suit against Sheriff Carter, Robert's Amended Complaint, also brings suit against Hamilton County.  Although suing the Board and the Council is redundant, Robert appears to have done so only to ensure that he properly stated a claim against Hamilton County.  *See* Response at 4.  Accordingly, the Court construes Robert's allegations against the Council and Board to be allegations against Hamilton County.

Robert's Fourteenth Amendment claims are brought pursuant to 42 U.S.C. § 1983.

Section 1983 permits a plaintiff to bring suit against a person who deprived him of his federal constitutional or statutory rights.  *See* 42 U.S.C. § 1983 (authorizing suit against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws").  In *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978), the Supreme Court emphasized that "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  The Court continued and noted that a governmental entity can only be liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."  *Id.* at 694.

With this background, the Court turns to Robert's Amended Complaint, which states that Sheriff Carter, who is a "policy maker and final decision maker," *id.* ¶ 3, "ordered that all deputies of the Hamilton County Sheriff's Department carry Tasers, and that as part of [their] training that each deputy had to actually be tazed."  *Id*. ¶ 8.  Robert then alleges that Sheriff Carter terminated his employment "because Plaintiff refused to be tazed."  *Id*. ¶ 13.  Although Robert does not allege that either the Council or the Board was involved in drafting the Taser policy, he does clearly claim that Sheriff Carter, an alleged policy maker, enacted the policy that resulted in his injuries.  While the Defendants may take issue with this point, as this is their motion to dismiss, the Court is obligated to take the facts alleged in the Amended Complaint as true and draw all reasonable inferences in favor of the Plaintiff.  Because Robert's assertions about Sheriff Carter are sufficient to raise the right to relief against Hamilton County above a

speculative level, the motion to dismiss is **DENIED** as to the § 1983 claims.

The Council and the Board also moved to dismiss Robert's ADA claim on the grounds that they are not his employer. The Defendants spend a great deal of time discussing the different tests used to determine whether an entity is an individual's employer. Not surprisingly, the Defendants conclude that under any of the tests, they were not Robert's employer and thus cannot be liable under the ADA. However, this inquiry is inherently fact-sensitive and at this early stage in litigation, faced only with a motion to dismiss, the Court believes it is imprudent to engage in this analysis. Because Robert's Amended Complaint plead facts that raise the right to relief above the speculative level, the motion to dismiss is also **DENIED** as to the ADA claim.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss (Docket No. 24) is **DENIED**.

SO ORDERED: 03/26/2010

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Brandi A. Gibson
Coots Henke & Wheeler, P.C.
bgibson@chwlaw.com

Matthew L. Hinkle
Coots Henke & Wheeler. P.C.
mhinkle@chwlaw.com

Daniel LaPointe Kent
LaPointe Law Firm P.C.

dkent@lapointelawfirm.com

Mary Jane Lapointe
LaPointe Law Firm P.C.
maryj@lapointelawfirm.com